JAYE G. HEYBL (CA Bar No. 167,110)
BRIAN M. FITZGERALD (CA Bar No. 267,279)
COREY A. DONALDSON (CA Bar No. 280,383)
KOPPEL PATRICK HEYBL & PHILPOTT
2815 Townsgate Road, Suite 215
Westlake Village, California  91361
Telephone: (805) 373-0060
Facsimile: (805) 373-0051
jheybl@koppelip.com
bfitzgerald@koppelip.com
cdonaldson@koppelip.com

Attorneys for Plaintiff Prolacta Bioscience, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PROLACTA BIOSCIENCE, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>NI-Q, LLC, an Oregon limited liability company, and DOES 1-10 inclusive,<br><br>          Defendants. | **CASE NO.  2:17-cv-04071**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**PATENT INFRINGEMENT [35 U.S.C. § 271]**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

1

Plaintiff Prolacta Bioscience, Inc. ("Prolacta" or "Plaintiff") is a world-recognized pioneer in standardized human milk-based nutritional products for premature infants. Prolacta brings this action seeking injunctive relief and damages for patent infringement by Defendants Ni-Q, LLC. ("Ni-Q"), and DOES 1 through 10, inclusive. Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 1, et seq.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3. On information and belief, Ni-Q does regular business in California and in this district. This Court has personal jurisdiction over Ni-Q at least because, among other things, on information and belief, Ni-Q conducts business in the State of California and in this judicial district and thus enjoys the privileges and protections of California law.

4. Venue in this Court is proper at least under the provisions of 28 U.S.C. § 1400(b), at least because Ni-Q has committed acts of infringement and has a regular and established place of business in this judicial district.

## PARTIES

5. Prolacta is an active Delaware corporation with a place of business at 1800 Highland Ave., Duarte, CA 91010. Prolacta does business in the Central District of California.

6. On information and belief, Ni-Q is an Oregon limited liability company with a place of business at 28050 SW Boberg Rd., Wilsonville, Oregon 97070. On information and belief, Exhibit 1 is a true and correct copy of a February 22, 2017 filing by Ni-Q registering with the California Secretary of State to do business in the state of California. On information and belief, Ni-Q is registered to do business in California as a foreign limited liability company.  On information and belief, Ni-Q does business in the Central

District of California and has committed acts of infringement in the Central District of California.

7. On information and belief, the below is a true and correct copy of a Ni-Q post on its own Facebook page:



8. On information and belief, Ni-Q has at least one regular and established place of business in this judicial district.

9. For instance, on information and belief, Ni-Q's Chief Executive Officer Bill Pfost operates out of a regular and established place of business in San Clemente, California. On information and belief, attached hereto as Exhibit 2 is a printout showing the LinkedIn profile of Ni-Q CEO Bill Pfost, indicating that Mr. Pfost works out of San Clemente, California, a city within this judicial district.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

10. Plaintiff does not know the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1 through 10, inclusive. Plaintiff therefore sues them by use of fictitious names. Plaintiff is informed and believes that Ni-Q, and Doe Defendants 1 through 10 are affiliated in some manner, and have direct, contributory, or vicarious responsibility for the wrongful acts as alleged herein. Plaintiff will amend this Complaint appropriately once the true names and capacities of Doe Defendants 1 through 10 are learned. As used below, the term "Defendants" shall collectively refer to the named defendant, Ni-Q, together with the defendants identified as DOES 1 through 10.

11. On information and belief, at all times herein mentioned, each of the Defendants was the agent of each of the remaining Defendants, and in doing the things alleged herein, was acting within the scope of such agency. On information and belief, the conduct of each of the Defendants as alleged herein was ratified by each of the other Defendants, and the benefits thereof were accepted by each of the other Defendants.

12. On information and belief, each of the Defendants induced the other Defendants to infringe upon Plaintiff's rights, participated in, and enabled the other Defendants to engage in the unlawful conduct herein alleged, or supervised that conduct, with knowledge that the conduct of other Defendants would infringe upon Plaintiff's rights, and constitute unfair competition and false and deceptive actions. Therefore each of the Defendants is jointly and severally liable as a contributory or vicarious infringer of Plaintiff's rights.

## FACTUAL BACKGROUND

13. Prolacta is a world-recognized pioneer in standardized human milk-based nutritional products for premature infants. Prolacta is focused on improving premature infant nutrition, and using human milk to improve the standard of care in neonatal intensive care units. One of the concerns in providing human milk-based products is ensuring the safety and integrity of the products.

14. Elana M. Medo, Martin L. Lee and David J. Rechtman invented original and innovative methods for testing milk, and applied for patent protection with the United States Patent and Trademark Office ("USPTO"). The USPTO granted US Patent No. 8,628,921 ("the '921 patent"), which issued on January 14, 2014. The inventors assigned their rights to the '921 patent to Prolacta, which continues to be the owner by assignment of the entire right, title and interest in the '921 patent. A true and correct copy of the '921 patent is attached to this complaint as Exhibit 3.

15. Prolacta owns the full right, title, and interest in the '921 patent, including the right to sue for infringement of the rights granted by the '921 patent. A true and correct copy of information from the USPTO assignment database showing the chain of title of the '921 patent is attached hereto as Exhibit 4, and a true and correct copy of the assignment of the '921 patent from each of the inventors to Prolacta, recorded with the USPTO, is attached hereto as Exhibit 5.

16. The '921 patent relates generally to methods for testing mammary fluid (including milk) to establish or confirm the identity of the donor of the mammary fluid. Such methods are useful in the milk-bank business to improve product safety and integrity.

17. On information and belief, Ni-Q has and is testing human milk-based products utilizing the same methods as those in the '921 patent, with those products being offered for sale and sold for the treatment of premature infants throughout the United States, including in this judicial district.

## FIRST CAUSE OF ACTION
## (INFRINGEMENT OF THE '921 PATENT; Against all Defendants; 35 U.S.C. § 271)

18. Plaintiff realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs, figures, and tables as though each such paragraph, photograph, figure, and table has been fully set forth herein.

19. Prolacta is the assignee and owner of all rights, title, and interest to the '921 patent, entitled "*Methods for Testing Milk*," which was duly and legally issued by the United States Patent and Trademark Office on May 17, 2011, and which has been duly and legally assigned to Prolacta. The assignment of the '921 patent is recorded at the United States Patent and Trademark Office as Reel/Frame 029310/0032. A true and correct copy of the '921 patent is attached as Exhibit 3 and is incorporated herein by reference. The '921 patent is valid and enforceable.

20. On information and belief, Defendants infringe the '921 patent by making human milk-based using the methods of the '921 patent and using, selling, offering for sale or importing the human milk-based products made using the methods of the '921 patent. This includes, but is not limited to, Ni-Q's HDM Plus human milk-based products, as well as Defendants' other human milk-based products utilizing the methods of the '921 patent, and various versions thereof.

21. By way of example only, and without limitation, Defendants infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '921 patent under 35 U.S.C. § 271(a-c), including but not limited to by making products utilizing the claimed methods in the '921 patent without the authority of Prolacta and then using, offering for sale, importing and/or selling the products without the authority of Prolacta.

22. On information and belief, and by way of example, the Ni-Q products in question are manufactured utilizing the steps of testing a donated biological sample from a specified subject to obtain at least one reference identity marker profile, testing a sample of donated mammary fluid to obtain at least one identity marker profile for the at least one marker in the first step, comparing the identity marker profiles wherein a match between the identity marker profiles indicates that the mammory fluid was obtained from the specific subject. On information and belief, the donated mammary fluid for the Ni-Q products in question are then processed so that the donated mammary fluid comprises the protein, fat and carbohydrate constituents in the ranges as provided in claim 1.

23. Defendants do not have a license or permission to use the '921 patent.

24. On information and belief, before their first acts of infringement, Defendants knew of the '921 patent, knew that Prolacta's products were patent-protected, knew that their methods of manufacting the products in question utilized the methods claimed by the '921 patent, and knew Defendants' use of Prolacta's patented method was unauthorized. Defendants nevertheless deliberately or in willful blindness carried out the acts of infringement described herein.

25. As a result of Defendants' infringement of the '921 patent, Prolacta has been irreparably injured. Unless such infringing acts are enjoined by this Court, Prolacta will continue to suffer irreparable injury.

26. On information and belief, Defendants' conduct as alleged above has damaged and will continue to damage Plaintiff, or is likely to damage Plaintiff.

27. On information and belief, as a result of their conduct as alleged above, Defendants have been unjustly enriched and have wrongfully profited.

28. On information and belief, despite knowledge of the '921 patent, Defendants will continue to infringe this patent with reckless disregard of the '921 patent, by continuing to infringe the patent when they knew or should have known that their actions constituted infringement of the claimed design of the '921 patent. Upon information and belief, Defendants have acted and/or are continuing to act despite an objectively high likelihood and Defendant's own knowledge that their actions constitute direct and/or indirect infringement of a valid patent.

///

///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Prolacta prays for relief as follows:

A. Entry of judgment against Defendants, and for Prolacta, for infringement of the '921 patent;

B. Entry of judgment holding Defendants jointly and severally liable for infringement of the '921 patent;

C. A post-judgment accounting of damages for the period of infringement of the '921 patent following the period of damages established by Prolacta at trial;

D. An order preliminarily and then permanently enjoining Defendants and their respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from continued acts of infringement of the '921 patent;

E. If a permanent injunction is not granted, a judicial determination of the conditions of future infringement such as a royalty bearing compulsory license or such other relief as the Court deems appropriate;

F. An order that Defendants be ordered to surrender for destruction of all products, containers, labels, advertisements, promotional materials, and other materials constituting an infringement of the '921 patent or the means by which such infringement is facilitated;

G. That Plaintiff be awarded its damages according to proof;

H. That Plaintiff be awarded the profits acquired by Defendants through Defendants' unlawful acts;

I. That the Court increase and enhance by three times any award of damages and/or profits based on Defendants' willfulness;

J. An order declaring that this is an exceptional case within the meaning of 35 U.S.C. §285;

K. An award of prejudgment interest, post-judgment interest, costs and disbursements, and attorney's fees; and

L. Such other and further relief as the Court deems proper in law or equity.

Respectfully submitted,

DATED: May 31, 2017   By:   /s/ Jaye G. Heybl

JAYE G. HEYBL (CA Bar No. 167,110)
BRIAN M. FITZGERALD (CA Bar No. 267,279)
COREY A. DONALDSON (CA Bar No. 280,383)
KOPPEL PATRICK HEYBL & PHILPOTT
2815 Townsgate Road, Suite 215
Westlake Village, California 91361
Telephone: (805) 373-0060
Facsimile: (805) 373-0051
jheybl@koppelip.com
bfitzgerald@koppelip.com
cdonaldson@koppelip.com

Attorneys for Plaintiff
Prolacta Bioscience, Inc.

# **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff Prolacta Bioscience, Inc. hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

DATED: May 31, 2017     By:    /s/ Jaye G. Heybl

JAYE G. HEYBL (CA Bar No. 167,110)
BRIAN M. FITZGERALD (CA Bar No. 267,279)
COREY A. DONALDSON (CA Bar No. 280,383)
KOPPEL PATRICK HEYBL & PHILPOTT
2815 Townsgate Road, Suite 215
Westlake Village, California 91361
Telephone: (805) 373-0060
Facsimile: (805) 373-0051
jheybl@koppelip.com
bfitzgerald@koppelip.com
cdonaldson@koppelip.com

Attorneys for Plaintiff
Prolacta Bioscience, Inc.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL