CHRISTINA VON DER AHE RAYBURN (SBN 255467)
cvonderahe@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2050 Main Street, Suite 1100
Irvine, CA 92614-8255
Telephone: 949.567.6700
Facsimile: 949.567.6710

BRENNA K. LEGAARD (*Pro Hac Vice Pending*)
blegaard@schwabe.com
ANGELA E. ADDAE (*Pro Hac Vice Pending*)
aaddae@schwabe.com
**SCHWABE, WILLIAMSON & WYATT, P.C.**
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Attorneys for Defendant Ni-Q, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| PROLACTA BIOSCIENCE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NI-Q, LLC, an Oregon limited liability company, and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 2:17-cv-04071-SJO-E<br><br>**DECLARATION OF BRENNA K. LEGAARD RE CONFERRAL OF RULE 11 MOTION FOR SANCTIONS**<br><br>Honorable S. James Otero<br>Ctrm: 10C<br>Date: August 28, 2017<br>Time: 10:00 a.m.<br><br>Date Action Filed: May 31, 2017<br>Trial Date: N/A |

---

DECLARATION OF BRENNA K. LEGAARD RE
CONFERRAL OF RULE 11 MOTION FOR SANCTIONS

2:17-CV-04071-SJO-E

I, Brenna K. Legaard, declare as follows:

1. I am one of the attorneys for Defendant Ni-Q, LLC ("Ni-Q") in the above-captioned case. I make this declaration based upon my personal knowledge in support of Defendant Ni-Q's Rule 11 Motion for Sanctions, and if called as a witness could and would testify competently thereto.

2. On June 20, 2017 my office served Jaye Heybl, counsel for Prolacta, with our Memorandum in Support of Rule 11 Motion for Sanctions and Declaration of Brenna K. Legaard.

3. On June 22, 2017, Mr. Heybl and I conferred regarding that motion. Mr. Heybl explained why he and Prolacta believed Ni-Q was using DNA testing to match donor and milk, but he did not explain why he or Prolacta believed that Ni-Q's product contained fat, protein, and carbohydrate constituents in the ranges specified by the claims of the '921 patent. I asked Mr. Heybl to tell me what he believed my client's formulation to be, and he refused to do so. Mr. Heybl nevertheless denied filing suit in violation of Rule 11, and refused to dismiss Prolacta's complaint. Therefore, we were unable to resolve this dispute.

4. On July 11, 2017, I sent Mr. Heybl the email attached hereto as Exhibit A, explaining how my client has been harmed and informing him of the end of the Rule 11 safe harbor period and our intention to file the Rule 11 motion unless he provides evidence of a pre-filing investigation or dismisses the complaint. Although we had already conferred as required by the rules of the Court, I invited Mr. Heybl to call my office or my cell phone to discuss these issues.

5. Later in the evening of the same day, I received an email from Mr. Heybl attached as Exhibit B. The document attached to and referred to in his email is attached as Exhibit C. My response to that email and further correspondence between us is attached as Exhibit D. Despite this additional communication, we were unable to resolve the issues contained in the motion filed herewith.

I swear under penalty of perjury that the foregoing is true and correct. Executed on July 12, 2017, in Portland, Oregon.

Brenna K. Legaard